UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
KHMER ANGKOR MARKET, INC. and :
KHOUNG HUYNH, :
 :
      Plaintiffs, :
 :
v. : Civil Action No. ____
 :
UNITED STATES OF AMERICA and :
THOMAS VILSACK, SECRETARY, :
UNITED STATES DEPARTMENT OF :
AGRICULTURE, :
 :
 :
      Defendants. :
---------------------------------------------------------x

## COMPLAINT AGAINST UNITED STATES OF AMERICA FOR *DE NOVO* JUDICIAL REVIEW PURSUANT TO 7 U.S.C. § 2023 AND 7 C.F.R. §279 TO SET ASIDE FINAL AGENCY DECISION BY UNITED STATES DEPARTMENT OF AGRICULTURE AND DEMAND FOR TRIAL BY JURY

Plaintiffs Khmer Angkor Market, Inc. and Khoung Huynh, by and through their attorneys, for their Complaint allege as follows against defendants United States of America and United States Department of Agriculture Food and Nutrition Services through its Secretary:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action under 7 U.S.C. §2023 and 7 C.F.R. §279 which provide for *de novo* review of administrative determinations by the United States Department of Agriculture Food and Nutrition Services regarding eligibility of retail food merchants to accept and redeem food stamp vouchers or participate in the Electronic Benefit Transfer ("EBT") program. The administrative determination Plaintiffs challenge is their

disqualification from participating in the food stamp/EBT program of the Food and Nutrition Services.

2. Jurisdiction is further conferred on this court by 28 U.S.C §1331 based on the claims of Plaintiffs set forth below arising under the United States Constitution and federal law.

3. Venue is proper in this Court because the acts complained of herein occurred in this judicial district and because Plaintiffs reside and do business in this judicial district.

## PARTIES

4. During all times relevant to this action, plaintiff Khmer Angkor Market, Inc. ("Khmer") has been and is a duly organized corporation with a principal place of business located at 37 Branch Street, Lowell, Middlesex County, Massachusetts 01851.

5. During all times relevant to this action, plaintiff Khoung Huynh ("Huynh") resided and continues to reside at 1 Weetamoo Way, Middlesex County, Westford, MA 01886. Huynh is a party to this action solely as a result of his ownership of Khmer.

6. During all times relevant to this action, defendant United States of America located in Washington, D.C. ("USA") has been and is the official governmental agent for the United States Department of Agriculture ("USDA") located at Cleveland Federal Building, 53 Pleasant Street, Concord, New Hampshire 03301.

7. During all times relevant to this action, USDA has been and is a department of the United States of America, and therefore, subject to 7 U.S.C. § 2023.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES AND REQUEST FOR JUDICIAL REVIEW *DE NOVO*

8. As reflected in USDA's *Final Agency Decision* ("the Decision"), a copy of which is attached hereto as **Exhibit A**, Khmer and Huynh have complied with all administrative conditions precedent to the filing of the above-captioned action against USA and USDA

2

pursuant to 7 C.F.R. § 279.2. All administrative remedies available to Khmer and Huynh under the rules and regulations promulgated by USDA have been sought.

9. The Decision is a final agency action. Khmer as a result of the Decision has been permanently disqualified from receiving Electronic Benefit Transfer ("EBT") funds under the national food stamp program known as the Supplemental Nutrition Assistance Program ("SNAP"). Therefore, the Decision is ripe for judicial review before this Court, and Khmer and Huynh have standing to appeal the Decision.

10. Judicial review of the Decision by USDA, an administrative agency, is available under 28 U.S.C. § 1331, and not precluded pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.2. Khmer and Huynh received the Decision dated June 1, 2010 from USDA via Federal Express on June 2, 2010. The above-captioned action was commenced within thirty (30) days of June 2, 2010.

11. Khmer and Huynh were not afforded an evidentiary hearing before USDA prior to the issuance of the Decision. Having exhausted all available administrative procedures and timely filed the above-captioned action, Khmer and Huynh are entitled to a trial *de novo* before this Court pursuant to 7 U.S.C. § 2023(a)(15).

12. Khmer and Huynh challenge the finding of a violation of the Food Stamp Program regulations as set forth in the Decision, therefore seeking this Court's determination on a fresh record *de novo* of the validity of USDA's factual findings and conclusions of law set forth in the Decision.

13. Khmer and Huynh challenge the draconian sanction of *permanent disqualification* imposed by USDA on the grounds of such sanction is arbitrary and capricious

and not well founded on the facts and law. Therefore, Khmer and Huynh respectfully request that this Court review of the record *de novo* and set aside the sanction..

## FACTS COMMON TO ALL COUNTS

14. Khmer is a grocery store that primarily sells Cambodian and Southeast Asian food products. Huynh is originally from Cambodia and is now an active member of the Cambodian community in Lowell, Massachusetts. During the last seven (7) years, Huynh has served the Cambodian community by selling ethnic foods through Khmer. Its patrons use of food stamps is vital to Huynh's business.

15. Neither Khmer nor Huynh have been previously sanctioned or otherwise penalized by any state or federal governmental agency relating to SNAP or any other matter.

16. On or about November 5, 2009, Khmer received a letter from USDA on behalf of USA. charging it with "trafficking" in EBT funds as defined in 7 C.F.R. § 271.2 of the SNAP regulations ("the Charge Letter"). The Charge Letter and its attachments, a copy of which are attached hereto as **Exhibit B**, notified Khmer and Huynh that trafficking could result in a sanction of permanent disqualification pursuant to 7 C.F.R. § 278.6(e)(1).

17. The Charge Letter includes the following allegations: (a) in a series of SNAP EBT transactions, multiple transactions were made from individual benefit accounts in unusually short time frames; (b) in a series of SNAP EBT transactions, the majority or all of individual recipient benefits were exhausted in unusually short periods of time; (c) an excessive number of manual key entered EBT transactions were made from the Khmer's location, significantly exceeding the normal practice for stores in Massachusetts; and (d) in a series of SNAP EBT transactions, excessively large purchase transactions were made from recipient accounts.

4

18. Khmer and Huynh responded to the Charge Letter On or about November 19, 2009 by appearing with prior counsel for an in-person interview with USDA at its Concord, New Hampshire office. Huynh also submitted a supporting affidavit to USDA on behalf of Khmer, a copy of which is attached hereto as **Exhibit C**.

19. On or about January 19, 2010, Khmer, through its predecessor counsel, received a letter from USDA ("FNS Ruling") informing it that the USDA found that the abovementioned violations cited in the Charge Letter had occurred. The FNS Ruling was subsequently appealed by Khmer and Huynh to USDA's administrative review department, a copy of which appeal is attached hereto as **Exhibit D**. Khmer also supplemented its request for review of the FNS Ruling. A copy of the supplemental information, including information concerning the Cambodian culture and community in and around Lowell, Massachusetts is attached hereto as **Exhibit E**. Notwithstanding the information contained in the aforementioned submissions, the FNS Ruling was affirmed by the Decision.

## COUNT I
## DE NOVO JUDICIAL REVIEW OF ADMINISTRATIVE DECISION
## (REVERSAL OF DECISION – DUE PROCESS VIOLATION)

20. Khmer and Huynh incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 19 above.

21. Khmer and Huynh timely sought administrative review by USDA of the FNS Ruling on its trafficking allegations set forth by the Charge Letter pursuant to 7 C.F.R. § 279.2. Khmer and Huynh timely supplemented their request for review of the FNS Ruling.

22. Khmer and Huynh, including his family, have a substantial financial interest in their ability to receive payment from customers, and therefore, requested USDA to provide an

opportunity to be heard by way of oral argument in conjunction with the administrative review of the FNS Ruling.

23. Khmer and Huynh were not afforded a fair and adequate opportunity to present evidence and challenge evidence, and therefore, USDA permanently disqualifying them arbitrarily and capriciously. Furthermore, 7 C.F.R. § 279.2 does not provide a fair and adequate mechanism for administrative review of a sanction resulting in the permanent loss of income from SNAP EBT payments to Khmer and Huynh. Therefore, Khmer, Huynh and his family's source of income, is being summarily shut down by USDA.

24. USDA should not be allowed the unfettered ability to grant or deny Khmer and Huynh (as well as those similarly situated) the ability to receive payments from their customers through SNAP EBT funds without judicial review of the Decision which is ill founded.

25. Notably, USDA only provided to Khmer and Huynh computer printouts reflecting anonymous EBT transactions, copies of which are attached hereto as **Exhibit F.** USDA did not provide to Khmer and Huynh or make them aware of evidence which they could confront. Therefore, there were no fair and adequate procedures for Khmer and Huynh to rebut USDA's allegations regarding the EBT transactions.

26. Moreover, USDA as is clear on the face of the Decision relied upon its Compliance Center file. However, Khmer and Huynh were not made privy to documents presumably contained in the aforementioned file, and did not know such documents would be used by USDA in the Decision. Therefore, Khmer and Huynh were not afforded the opportunity to fairly and adequately challenge the Decision at the administrative level.

27. USDA should have provided to Khmer and Huynh the following information at a minimum: SNAP recipient household identifiers (e.g., name, address, location); SNAP funds

allocated to each recipient referenced in the Charge Letter; and USDA database research relied upon when analyzing SNAP activity referenced in the Charge Letter Khmer and Huynh were deprived of information necessary to prove that they did not violate the requirements of the food stamp program.

28. Based on the foregoing, Plaintiffs are entitled to an entry of judgment that they are not disqualified from participating in the food stamp/EBT program, and an award of their costs including their reasonable attorneys' fees.

## COUNT II
## DE NOVO JUDICIAL REVIEW OF ADMINISTRATIVE DECISION
## (EQUAL PROTECTION VIOLATION)

29. Khmer and Huynh incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 28 above.

30. Khmer and Huynh denied trafficking as set forth in the Charge Letter, and they timely sought administrative review by USDA of the FNS Ruling which was subsequently affirmed by the Decision. However, Khmer and Huynh were not afforded a fair and adequate opportunity to be heard by USDA in defense of the charges alleged as to them.

31. It is also noteworthy that Khmer is not the only Cambodian-owned grocery stores in Massachusetts and as well as in other jurisdictions who have been accused of trafficking by USDA. Importantly, USDA has not been receptive to the cultural habits of the Cambodian and Southeast Asian people which affect the manner in which they make purchases.

32. In fact, many Cambodian residents in Massachusetts purchase groceries with EBT funds in stores such as Khmer on a daily basis. It was not possible for Huynh to show the legitimacy of the EBT activity at Khmer because USDA did not provide documentation to him. For example, had he learned the identifying information as to SNAP recipients making

purchases at Khmer, Huynh could have explained the food stamp activity at Khmer. The volume of EBT funds used by Cambodian residents and the manner in which they make purchases is particular to the culture by which they live. Khmer and Huynh should not be sanctioned for doing business as the provider of ethnic foods to the Cambodian and Southeast Asian population in Lowell.

33. The information compiled by USDA to analyze EBT activity and target alleged trafficking conduct prejudices the Cambodian-owned markets that carry specialty groceries sought by Cambodian SNAP recipients. The information gathered by USDA EBT databases and the metrics relied upon prejudices Khmer which catered to Cambodian SNAP recipients. There is no evidence that the customers of Khmer did anything with their food stamps other than by food. Apparently USDA does not like the manner in which the purchases were made.

34. The Decision penalizes Khmer and Huynh by drawing an adverse inference on the manner in which Cambodian SNAP recipients engage in the commerce of purchasing groceries at Khmer. For example, USDA did not afford Khmer and Huynh a fair and adequate opportunity to present evidence and arguments as to the factors such as frequency of visits to Khmer by its customers, distances customers travelled in order to purchase Cambodian specialty groceries, and the amounts of EBT funds used per household. In fact, USDA did not provide to Khmer and Huynh evidence bearing on the aforementioned factors which are contained in its files. If USDA has no such evidence, then the Decision is not well supported. Therefore, the Decision, written by USDA's Administrative Review Branch in Tallahassee, Florida, relies upon the Compliance Center's *profiling* of Khmer and Huynh rather than their actual conduct.

35. Based on the foregoing, Plaintiffs are entitled to an entry of judgment that they are not disqualified from participating in the food stamp/EBT program, and an award of their costs including their reasonable attorneys' fees.

## COUNT III
## DE NOVO JUDICIAL REVIEW OF ADMINISTRATIVE DECISION
## (ARBITRARY AND CAPRICIOUS – UNCONSTITUTIONAL AS APPLIED
## TO KHMER)

36. Khmer and Huynh incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 35 above.

37. Khmer and Huynh denied trafficking as set forth by the Charge Letter and timely sought administrative review by USDA of the FNS Ruling which was subsequently affirmed by the Decision. However, they were not afforded a fair and adequate opportunity to be heard by USDA.

38. Pursuant to 7 U.S.C. 2021(b)(1), the USDA, through its Secretary, has the discretion to impose a period of disqualification for a reasonable period of time, not to exceed five (5) years, upon the first occasion of disqualification. However, permanent disqualification is only permitted—at the Secretary's discretion—on a first occasion for trafficking as defined by 21 U.S.C. § 802. Notably, the section referred to no longer contains such definition thereby rendering the Decision unduly vague, arbitrary and capricious. As a result, the disqualification of Khmer and Huynh should be vacated by this Court after its *de novo* review.

39. As stated above, Khmer and Huynh were denied a fair and adequate opportunity to present evidence and make arguments concerning the manner in which the Cambodian community made purchases at Khmer. Moreover, USDA did not provide to Khmer and Huynh evidence in its files thereby prejudicing their defense. Rather, USDA rendered an arbitrary and

capricious decision which was not based on a full record, and was tainted by USDA's profiling of Khmer and Huynh.

40. Based on the foregoing, Plaintiffs are entitled to an entry of judgment that they are not disqualified from participating in the food stamp/EBT program, and an award of their costs including their reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request relief as follows:

1. Entry of judgment setting aside the Decision so that Plaintiffs are not disqualified from participating in the food stamp/EBT program.

2. Enter an order awarding Plaintiffs their costs and expenses in this action, including reasonable attorney's fees, in accordance with 28 U.S.C. Section 2412.

3. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts.

**PLAINTIFFS KHMER ANGKOR MARKET, INC., AND KHOUNG HUYNH,**

By their attorneys,

Richard M. Gelb (BBO# 188240)
*rgelb@gelbgelb.com*
Daniel K. Gelb (BBO# 659703)
*dgelb@gelbgelb.com*
**GELB & GELB LLP**
84 State Street, 4th Floor
Boston, MA 02109
Telephone: (617) 345-0010
Facsimile: (617) 345-0009

Dated: July 1, 2010